UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLIE DORRIS,                                                                                       Petitioner,

v.                                                                          Civil Action No. 3:15-cv-P110-DJH

WARDEN AARON SMITH,                                                                        Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION**

Petitioner Charlie Dorris, a *pro se* prisoner at the Kentucky State Reformatory, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on his own paper (DN 1).

Because Dorris failed to file his petition on a form and either pay the $5.00 filing fee or file an application to proceed without prepayment of fees, the Clerk of Court issued a notice of deficiency directing him to cure the deficiencies (DN 3). In response, Dorris filed another § 2241 petition on his own paper (DN 4), not on the form. He also failed either to pay the filing fee or to file an application to proceed without prepayment of fees.

Consequently, by Order entered April 16, 2015, the Court gave Dorris another opportunity to comply (DN 5). The Court warned Dorris that his failure to comply with any part of the Order within 30 days would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. The compliance period has expired, and Dorris has failed to comply or show cause for said failure.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal

training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      Because Dorris failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.  Therefore, by separate Order, the Court will dismiss this action.

Date: June 1, 2015

**David J. Hale, Judge**
**United States District Court**

cc:    Petitioner, *pro se*
       Respondent
4415.005